**LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant,**

v.

**Douglas B. FUGATE, State Highway Commissioner of Virginia, Appellee.**

No. 77–1287.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 12, 1977.

Decided Jan. 20, 1978.

Robert L. Morrison, Jr., Lexington, Va. (Gary L. Bengston, P.C., Danville, Va., Philip M. Sadler, Gilmer, Sadler, Ingram, Sutherland & Hutton, Pulaski, Va., on brief), for appellant.

Valentine W. Southall, Jr., Asst. Atty. Gen., Richmond, Va. (Anthony F. Troy, Atty. Gen. of Virginia, Walter A. McFarlane, Deputy Atty. Gen. and John S. Morris, III, Asst. Atty. Gen., Richmond, Va., on brief), for appellee.

Before FIELD, Senior Circuit Judge, and WIDENER and HALL, Circuit Judges.

PER CURIAM:

Lumbermens Mutual Casualty Company filed this action as subrogee to recover the monies it had paid as insurer for personal injuries and property damage resulting from an accident which occurred on U.S. Rt. 21–52 near Bastian, Virginia. Lumbermens alleged that a stretch of this highway was negligently designed and maintained by the Virginia Department of Highways

and Transportation and that such negligence was the proximate cause of the accident. The district court, holding that the Commonwealth of Virginia was immune from suit under the Eleventh Amendment, dismissed the action. The plaintiff has appealed.

The plaintiff contended that Virginia had waived its Eleventh Amendment immunity by the acceptance and disbursement of federal funds pursuant to the Federal-Aid Highway Act, 23 U.S.C. § 101, *et seq.* In rejecting this contention the district court relied upon the Third Circuit's decision in *Daye v. Commonwealth of Pennsylvania,* 483 F.2d 294 (1973), *cert. denied* 416 U.S. 946, 94 S.Ct. 1956, 40 L.Ed.2d 298. In that case, which was strikingly similar to the one at hand, the court stated:

> "We do not find such a waiver merely because Pennsylvania receives federal highway funds. We have carefully examined the various provisions of the Federal-Aid Highway Act and the Highway Safety Act, the committee reports explaining the sections of those Acts, and debates that took place when the Acts were considered and passed. We are unable to say that Congress conditioned the receipt of those funds upon the states' willingness to waive their immunity from tort liability; nor are we able to say that Congress intended a waiver to implicitly take place by its mere enactment of the Highway Safety Act." (Footnote omitted.) 483 F.2d at 298.

The principle that mere participation in a federal program does not establish consent on the part of a state to be sued in the federal courts was recognized by the Court in *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), and in our opinion was appropriately applied by the district court in the dismissal of this case.

Accordingly, the judgment of dismissal is affirmed.

*AFFIRMED.*